Before Division Two: James Edward Welsh[1] , Presiding Judge, Alok Ahuja, Judge, Anthony Rex Gabbert, Judge
Anthony Rex Gabbert, Judge *483 The State appeals the grant of a motion to suppress statements made by Respondent Genevieve Craig. The State argues the motion court erred, because Craig's statements were voluntary and not responsive to custodial interrogation. We reverse and remand.
Background
In August 2016, Sgt. John Malloy executed a search warrant at Craig's house. Malloy knocked and announced the search warrant and then entered through the unlocked door. Inside, Malloy found Craig and her acquaintance, Jeff Ford, and ordered them to the ground. After Craig and Ford were handcuffed, Malloy frisked Ford and found a knife and brass knuckles. Craig told Malloy the knuckles were hers. Malloy asked Craig if the pants also belonged to Craig, to which she answered "No." After searching the upstairs, Malloy walked Craig and Ford to the front porch. A deputy took Ford to a patrol car, and Malloy read the search warrant to Craig. Craig then informed Malloy there was drug paraphernalia, but no drugs, in the house. She also told him there were stolen tools in the basement and that some were hers. Later, a detective took Craig to his patrol car, where she was Mirandized and questioned. Craig was charged by felony information with two counts of receiving stolen property. She filed a motion to suppress the statements she made to Malloy, in addition to items seized by the police. At the October 2017 motion hearing, Malloy provided the only testimony. The court ruled, inter alia , that "any statements made by Defendant after she was placed in handcuffs and before she was given her Miranda rights are hereby suppressed and are inadmissible at any trial of this case." This interlocutory appeal follows.
Standard of Review
Section 547.200.1 authorizes the State to appeal a court order to suppress evidence. State v. Sparkling , 363 S.W.3d 46, 49 (Mo. App. W.D. 2011).[2] "Our review of the motion court's order sustaining a defendant's motion to suppress is limited to the determination of whether substantial evidence existed to support the suppression order." State v. Peery , 303 S.W.3d 150, 153 (Mo. App. W.D. 2010) (citation omitted). We consider all evidence in the light most favorable to the challenged motion and ignore all inferences to the contrary. State v. Snider , 535 S.W.3d 382, 387 (Mo. App. E.D. 2017). "We will reverse a motion court's ruling on a motion to suppress only if the ruling is clearly erroneous." Peery at 153, (citation omitted). While we defer to the motion court's credibility determinations and findings of fact, we review questions of law de novo. State v. Nichols , 504 S.W.3d 755, 759 (Mo. App. E.D. 2016).
Analysis
The State contends the court erred in granting the motion to suppress *484 Craig's statements, because the statements were voluntary and not responsive to custodial interrogation. "The Fifth Amendment's prohibition against self-incrimination provides an accused the right to counsel during custodial interrogation." State v. Nicklasson , 967 S.W.2d 596, 606 (Mo. banc 1998) (citing Miranda v. Arizona, 384 U.S. 436, 478, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) ). "A criminal suspect is entitled to Miranda warnings once the suspect is subjected to a custodial interrogation." State v. Stover , 388 S.W.3d 138, 155 (Mo. banc 2012) (citing Miranda, 384 U.S. at 444, 86 S.Ct. 1602 ). "Missouri defines 'custodial interrogation' as 'questioning initiated by law enforcement officers after a person has been taken into custody[.]' " Id. (citing State v. Gaw, 285 S.W.3d 318, 321 (Mo. banc 2009) ). "Statements obtained during a custodial interrogation not preceded by Miranda warnings are subject to suppression at trial." Id. (internal citation omitted). "Interrogation" refers "to either express questioning or its functional equivalent ... [i.e.] any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." Rhode Island v. Innis , 446 U.S. 291, 292, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980). Voluntary statements are not the product of interrogation and thus not barred by the Fifth Amendment or Miranda. Baumruk v. State, 364 S.W.3d 518, 532 (Mo. banc 2012). The State concedes Craig was in custody when she made the suppressed statements. Accordingly, we consider only whether Craig was interrogated.
Craig's Statement Concerning the Brass Knuckles
Craig provides no argument and, accordingly, no case law explaining how the discovery of the brass knuckles effected, even in part, an interrogation. Malloy testified he did not ask Craig about the knuckles and that her statement was spontaneous, and the record does not indicate Malloy's security frisk was anything but standard procedure normally attendant to police custody. The trial court clearly erred in suppressing Craig's statement concerning the brass knuckles, because there is no evidence, let alone substantial evidence, a reasonable person would believe she was being interrogated.
Craig's Statements after the Search Warrant's Recitation
Craig argues Malloy's recitation of the search warrant was the functional equivalent of an interrogation and that the statements she made after the recitation and before being advised of her Miranda rights should be suppressed. Those statements disclosed there were drug paraphernalia and stolen tools in the house. We conclude that, under the facts and circumstances of this case, the recitation of the search warrant was not an interrogation.
"Missouri and the Eighth Circuit have consistently held that mere informative statements about a defendant's charges and evidence against him are not the functional equivalent of interrogation." State v. Nichols , 504 S.W.3d 755, 761 (Mo. App. E.D. 2016) (citations omitted). In State v. Terry , 501 S.W.3d 456, 462 (Mo. App. W.D. 2016), this court held informing a suspect of pending charges is not, "in and of itself," an interrogation. Like arrest warrants, search warrants are also informative statements of fact, in that they inform suspects of the factual evidence supporting probable cause and describe the property officers are authorized to seize.
*485 The Seventh Circuit reached the same conclusion in United States v. Johnson , 680 F.3d 966, 977 (7th Cir. 2012). In holding the recitation of a search warrant does not constitute an interrogation, the court explained that, by reciting the warrant, the officer was informing the defendant "of the items officers had probable cause to search for ... essentially advising [him] of potentially incriminating evidence that could be used against him." Like the Seventh Circuit, "we do not believe that the provision of information, even if its weight might move a suspect to speak, amounts to an impermissible 'psychological ploy.' " Id. at 978 (quoting Easley v. Frey , 433 F.3d 969, 974 (7th Cir. 2006) ) (citing United States v. Payne , 954 F.2d 199, 202 (4th Cir. 1992) ). As the Eighth Circuit surmised, such information "contributes to the intelligent exercise of [a suspect's] judgment and may likely make firm his resolve to refuse to talk to the police without counsel." United States v. Allen , 247 F.3d 741, 765 (8th Cir. 2001) (informing a suspect he was identified in a lineup was not an interrogation for Fifth Amendment purposes), cert. granted, judgment vacated on other grounds , 536 U.S. 953, 122 S.Ct. 2653, 153 L.Ed.2d 830 (2002). Because the recitation of search warrants provides factual information to suspects, it is not, per se, the functional equivalent of an interrogation.[3]
However, circumstances accompanying an otherwise lawful recitation could lead a reasonable person to believe they are being interrogated. "Determining whether particular statements or practices amount to interrogation depends on the circumstances of each case, particularly whether the statements are objectively and reasonably likely to result in incriminating responses by the suspect, as well as the nature of the police statements and the context in which they are given." Allen , 247 F.3d at 765. See State v. Bell , 488 S.W.3d 228, 243 (Mo. App. E.D. 2016) (finding that an interrogation occurred after officers "went far beyond simply reading facts" and made numerous pleas to the defendant's conscience).
In its suppression order, the circuit court did not separately address whether Craig had been subjected to interrogation; instead, the court suppressed her statements because the State conceded that she was in custody, and that Miranda warnings had not yet been provided. As we have explained, however, the fact that Craig made statements while in custody, and before being Mirandized , does not alone justify suppression; the statements must have been made in response to interrogation by law enforcement officers. Because the circuit court did not separately consider whether Craig was subjected to interrogation in the circumstances of this case, it must address that issue on remand before determining whether the suppression of Craig's statements is warranted.
Conclusion
The circuit court's suppression order is reversed, and the case is remanded for *486 further proceedings consistent with this opinion.
All concur.

Judge Welsh retired as an active member of the court on April 1, 2018 after the submission of this case. He has been assigned by the Chief Justice of Missouri Supreme Court to participate in this decision as a Senior Judge.

All statutory citations are to RSMo 2000, as updated through the 2016 Cumulative Supplement, unless otherwise specified.

In her brief, Craig mistakenly relies on State v. Sawyer , 156 S.W.3d 531 (Tenn. 2005) to argue the warrant's recitation was functionally an interrogation. In Sawyer , the Tennessee Supreme Court found an interrogation occurred, because officers went "beyond merely reading the arrest warrant or otherwise informing the defendant of the charge." Id. at 535. The officers in Sawyer transported the defendant from his home to a detective's office, where he sat across from a detective for thirty minutes before an officer read detailed factual allegations from the warrant's affidavit of complaint. Id. In State v. Terry , 501 S.W.3d 456, 462 (Mo. App. W.D. 2016), this court found Sawyer distinguishable when there is no evidence officers did anything other than read the arrest warrant.