

# Missouri Court of Appeals

## Southern District

### Division Two

STATE OF MISSOURI, )
)
     Appellant, )
)
vs. ) No. SD36366
)
CODY GENE WORKMAN, ) **Filed:  July 24, 2020**
)
     Respondent. )

APPEAL FROM THE CIRCUIT COURT OF CRAWFORD COUNTY

Honorable Judge Megan K. Seay

**<u>REVERSED AND REMANDED</u>**

Cody Gene Workman ("Defendant") was charged with first-degree assault and armed criminal action.  *See* §§ 565.050, 571.015.[1]  The trial court entered an order suppressing the voice identification of Defendant made by witnesses, finding law enforcement's actions were impermissibly suggestive.  The State appeals pursuant to section 547.200.  The trial court's order suppressing the identification is reversed.

---

[1] All statutory references are to RSMo. Supp. (2014).

## Standard of Review

A trial court's ruling on a motion to suppress evidence prior to trial is interlocutory in nature. This Court's review of a trial court's order sustaining a motion to suppress "is limited to the determination of whether substantial evidence existed to support the suppression order." *State v. Craig*, 550 S.W.3d 481, 483 (Mo. App. W.D. 2018) (internal citation and quotation omitted). The reviewing court is required to defer to the trial court's factual findings and credibility determinations, but to examine questions of law *de novo*. *Id*. We will reverse a trial court's ruling on a motion to suppress only if it is clearly erroneous. *State v. Holman*, 502 S.W.3d 621, 624 (Mo. banc 2016).

## Analysis

Identifications made solely on the basis of a suspect's voice are admissible. *State v. Harris*, 483 S.W.3d 488, 494 (Mo. App. E.D. 2016). "Identification testimony is admissible unless the pretrial identification procedure was unnecessarily suggestive *and* the suggestive procedure made the identification unreliable." *State v. Middleton*, 995 S.W.2d 443, 453 (Mo. banc 1999).

Three witnesses, Mr. Delmain, Mrs. Delmain, and Ms. Enke, overheard a late night argument while camping at a rural campground, subsequently found their friend badly injured, and took him to a fire station for emergency medical transport. The witnesses were unable to identify who the man was that they heard yelling at the campsite. They were asked to come to the Dent County Sheriff's Department later to make a statement. Law enforcement proceeded to the campground and located Defendant in the woods. Defendant was taken for booking at the Dent County Jail, which is located in the same building as the sheriff's department, in the late night or

2

early morning hours of that same night. The three witnesses arrived a short time after Defendant was brought to the sheriff's department, unaware that a suspect had been taken into custody.

Police procedures are impermissibly "suggestive if the witness's identification of the defendant results from the procedure or actions of the police [] rather than from the witness's recollections of his or her firsthand observations." ***State v. Gordon***, 551 S.W.3d 678, 682 (Mo. App. W.D. 2018) (internal quotation and citation omitted). We find the police procedures here were not suggestive because there were no actions or procedures employed by law enforcement. The witnesses were not given any specified time to come to the sheriff's department and their arrival while Defendant was being booked into the jail was completely coincidental. Upon entering the sheriff's department waiting room, Mr. Delmain and Ms. Enke spontaneously identified the voice they heard yelling as the same voice they heard earlier at the campground. Mrs. Delmain said she identified the voice as she was walking down the hall to the interview room and while she was completing her written statement. Merely being asked if the voice recognized at the sheriff's department is the same as they heard earlier at the campground is not an improper or suggestive question. Each of the witnesses unequivocally identified the voice in the jail as the same they had heard at the campground.

The bottom line is, did law enforcement do anything to suggest or cause these identifications? While the scene at the sheriff's department described by the various witnesses was certainly confusing, we have scoured the record and do not find that any law enforcement officer suggested, by word or deed, that the voice the witnesses heard

at the sheriff's department belonged to the person that they had heard at the campground.

Because no substantial evidence supports the trial court's conclusion that the identifications occurred as a result of suggestive police procedure, the trial court clearly erred in suppressing those identifications. The State's sole point on appeal is granted, and the trial court's suppression order is reversed.[2]

MARY W. SHEFFIELD, J. – OPINION AUTHOR

JEFFREY W. BATES, C.J. – CONCURS

DON E. BURRELL, J. – CONCURS

---

[2] We note that a trial court's ruling on a motion to suppress is interlocutory and can be revisited by the parties and the court before or during trial. *State v. Taylor*, 965 S.W.2d 257, 260 (Mo. App. E.D. 1998).